UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS LARSON,

      Plaintiff,                                 Case No. 18-10857
                                                    Honorable Denise Page Hood
v.                                                     Magistrate Judge Elizabeth A. Stafford

MICHIGAN DEPARTMENT OF CORRECTIONS,
CORIZON CORPORATION, CHRIS WHITFORD,
CONNIE J. IVES, K. HAMBLIN, RICHARD DASE,
PETER M. WATSON, SOPHIA FORBES, and
SABRINA AIKEN,

      Defendants.
_____/

**<u>OPINION AND ORDER DISMISSING CORIZON CORPORATION
AND THE INDIVIDUAL DEFENDANTS FROM THIS CASE
AND
DIRECTING SERVICE OF THE COMPLAINT ON THE
MICHIGAN DEPARTMENT OF CORRECTIONS</u>**

**I. INTRODUCTION**

This matter has come before the Court on plaintiff Thomas Larson's civil rights complaint under 28 U.S.C. §§ 1131 and 1343 and Title II of the Americans with Disabilities Act ("ADA"). Title II of the ADA provides that, "[s]ubject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

Plaintiff is a state prisoner at the Parnall Correctional Facility in Jackson, Michigan. The defendants are the Michigan Department of Corrections, a private healthcare provider listed as Corizon Corporation ("Corizon"), and the following individuals employed at the Parnall Correctional Facility: Chris Whitford, the grievance coordinator; Connie J. Ives, the health care manager; K. Hamblin, R.N.; Richard Dase, R.N.; Peter M. Watson, N.P.; Sophia Forbes, R.N.; and Sabrina Aiken, a clinical administrative assistant.

Plaintiff alleges that, among other things, he suffers from Chiari Malformation, which is a deformity that causes brain tissue to extend into the spinal canal, Myelopathy, which is a narrowing of the spinal canal, Syringomyelia, a disorder that causes a cyst to form on the spinal cord, and Dupatrons Contraction (curling) of the hands and feet. Plaintiff contends that the Michigan Department of Corrections has done nothing to treat his condition for the last two and a half years and that the defendants have discriminated against him by excluding him from the benefits, activities, and programs of the prison's general population on the basis of his condition. Plaintiff further alleges that the defendants have retaliated against him for filing grievances and for complaining about the lack of medical treatment. He seeks money damages and a declaratory judgment that the defendants have

violated Title II of the ADA by refusing to make reasonable accommodations for his medical needs.

## II. LEGAL FRAMEWORK

Due to indigence, the Court has permitted Plaintiff to proceed without prepayment of the fees and costs for this action. Under the Prison Litigation Reform Act of 1996, federal district courts must screen an indigent prisoner's civil complaint and dismiss the complaint or any portion of it that is frivolous, malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and 42 U.S.C. § 1997e(c)(1); *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and

citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

**A. Defendants Chris Whitford, Connie Ives, K. Hamblin, and Sabrina Aiken**

Plaintiff alleges that grievance coordinator Chris Whitford receives his grievances, fails to adequately investigate his allegations, and then denies the grievances or forwards them to K. Hamblin for denial. (Compl., ¶¶ 8, 29.) Plaintiff alleges that Connie Ives, the health unit manager, co-signed most of his grievances against the medical department with total indifference to his medical needs. (Compl., ¶ 6.) Similarly, according to Plaintiff, K. Hamblin, R.N., and Sabrina Aiken, the administrative assistant, have denied all or most of his grievances with total indifference to his medical problems. (Compl., ¶¶ 7, 13, 30, regarding K. Hamblin, and ¶ 12, regarding Sabrina Aiken.)

"The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003); *see*

4

*also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (concluding that the defendants did not violate the Constitution or a clearly established right to which the plaintiff was entitled when they merely denied administrative grievances and did not directly participate in, encourage, authorize, or acquiesce in the claimed retaliatory acts). Although Plaintiff also claims that K. Hamblin retaliated against him[1] for filing complaints, *see* Compl., p. 9, ¶ 3, he has not provided the Court with any direct evidence of retaliation. As a result, he

> bears the initial burden to establish a prima facie case of retaliation, which requires a showing that (1) the plaintiff engaged in activity protected under the ADA; (2) the employer knew of that activity; (3) the employer took an adverse action against plaintiff; and (4) there was a causal connection between the protected activity and the adverse action.

*Rorrer v. City of Stow*, 743 F.3d 1025, 1046 (6th Cir. 2014).

Plaintiff has not shown that K. Hamblin's conduct toward him was motivated by his filing of complaints regarding his health care, and because the denial of grievances is not a basis for relief, the Court dismisses K. Hamblin, Chris Whitford, Connie Ives, and Sabrina Aiken from this lawsuit.

---

[1] The retaliation provision of the ADA states that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a).

5

### B. Defendants Peter M. Watson, Richard Dase, and Sophia Forbes

Plaintiff alleges that Peter M. Watson, N.P., is one of his medical providers at the Parnall Correctional Facility. During a medical consult, Plaintiff apparently accused Watson of not caring about his condition. According to Plaintiff, Watson then cursed him, told him to get out of his office, and refused to refer him to a neurosurgeon. Plaintiff asserts that Watson's conduct violated medical ethics, professional courtesy, and amounted to disrespect, humiliation, and degradation, which put him under severe mental distress. (Compl., ¶¶ 10, 26.) Plaintiff implies that another medical provider, Richard Dase, R.N., also disrespected him and neglected to care for his needs. (Compl., ¶ 9.)

As for Sophia Forbes, R.N., Plaintiff alleges that she examined him during a sick call and told him that the problem was wax in his ears. Another nurse looked in Plaintiff's ears and stated that they were clean. Plaintiff claims that Forbes then laughed at him, degraded him, and falsely promised to arrange for him to see a doctor. (Compl. ¶¶ 11, 28.)

Nurses can be held liable for consciously disregarding a risk to an inmate's health and for delaying a response to a request for a medical consultation or examination. *Jones v. Muskegon Cnty.*, 625 F.3d 935, 943-44 (6th Cir. 2010). But

Plaintiff's primary complaint is that Watson, Dase, and Forbes degraded him and caused him mental anguish.

Shameful and utterly unprofessional behavior by prison officials, as well as, harassment and verbal abuse, do not amount to unconstitutional conduct. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (citing *Ivey v. Wilson,* 832 F.2d 950, 955 (6th Cir.1987)). Emotional injury, without more, also does not state a claim for which relief may be granted. *See* 42 U.S.C. § 1997e ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ."). The Court, therefore, dismisses Peter M. Watson, Richard Dase, and Sophia Forbes from this lawsuit.

### C. The Michigan Department of Corrections and Corizon

The proper defendants under Title II of the ADA are public entities or officials acting in their official capacities. *Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009). The statute defines a "public entity" as

**(A)** any State or local government;

**(B)** any department, agency, special purpose district, or other instrumentality of a State or States or local government; and

**(C)** the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49).

42 U.S.C.§ 12131(1).

Plaintiff concedes that Corizon is a private corporation. (Compl., ¶ 5.) It is not a public entity subject suit under the ADA even if it contracts with a public entity to provide a service. *Matthews v. Pennsylvania Dep't of Corr.*, 613 F. Appx. 163, 169-70 (3d Cir. 2015). The Court, therefore, dismisses Corizon from this lawsuit.

Unlike Corizon, the Michigan Department of Corrections qualifies as a public entity because it is one of several governmental departments within the State of Michigan. *See* www.Michigan.gov. Plaintiff, moreover, has stated an arguable claim against the Michigan Department of Corrections. The Court therefore orders the United States Marshal to serve the appropriate papers on the Michigan Department of Corrections at Grandview Plaza, 206 E. Michigan Avenue, P.O. Box 30003, Lansing, MI 48909, without prepayment of the fees and costs for such service. The Marshal may collect the usual and customary costs from Plaintiff after effecting service.

The Court orders Plaintiff to mail a copy of his future documents in this case on the Michigan Department of Corrections or on defense counsel if legal counsel represents the Department of Corrections. Plaintiff shall attach to all original

documents filed with the Clerk of the Court a certificate stating the date on which he mailed a copy of the original document to the Department of Corrections or to defense counsel. The Court will disregard any papers sent to a district judge or a magistrate judge if the papers were not filed with the Clerk or did not include a certificate of service.

        S/Denise Page Hood
        Denise Page Hood
        Chief Judge, United States District Court

Dated: June 5, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 5, 2018, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager