UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS LARSON,

     Plaintiff,                     Civil Action No.: 18-10857
                                     Honorable Denise Page Hood
v                                  Magistrate Judge Elizabeth A. Stafford

MICHIGAN DEP'T OF
CORRECTIONS, *et al.*

     Defendants.

_____/

**REPORT AND RECOMMENDATION GRANTING DEFENDANT MDOC'S
MOTION FOR SUMMARY JUDGMENT [ECF NO. 10]**

## I.   INTRODUCTION

     Plaintiff Thomas Larson sues the Michigan Department of Corrections

(MDOC),[1] alleging violations of the Americans with Disabilities Act (ADA).

[ECF No. 1].  MDOC moves for summary judgment, and Larson has

responded.  [ECF No. 10, 13].  The Court **RECOMMENDS** that MDOC's

motion be **GRANTED** and that Larson's claims be **DISMISSED**.

## II.   ANALYSIS

_____

[1] The Honorable Denise Page Hood dismissed Corizon L.L.C. and the
individual defendants. [ECF No. 7].

## A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  At the summary judgment stage, the Court's function "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and must identify particular portions of the record that show the absence of a genuine dispute as to any material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial.  *Id.* at 324.  The Court must view the factual evidence in the light most favorable to the non-moving party.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).  But "[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion."  *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009).  A scintilla of evidence is also insufficient; "there must be evidence on which the jury

2

could reasonably find for the plaintiff." *Liberty Lobby*, 477 U.S. at 252.  And

"[w]hen opposing parties tell two different stories, one of which is blatantly

contradicted by the record, so that no reasonable jury could believe it, a

court should not adopt that version of the facts for purposes of ruling on a

motion for summary judgment."  *Scott,* 550 U.S. at 380.

## B.

Larson, a state prisoner at MDOC's Parnall Correctional Facility,

alleges that the MDOC denied him medical treatment for his various

neurological conditions, and discriminated against him by excluding him

from benefits, activities and programs offered to the prison's general

population.  [ECF No. 1].  He also claims that MDOC retaliated against him

for filing grievances and complaining about the lack of medical treatment.

[*Id.*].  Larson seeks money damages[2] and declaratory relief for violating

Title II of the American with Disabilities Act (ADA).  28 U.S.C. §§ 1131 and

1343. [*Id.*]

Title II of the ADA provides that "no qualified individual with a

disability shall, by reason of such disability, be excluded from participation

in or be denied the benefits of the services, programs, or activities of a

---

[2] MDOC enjoys Eleventh Amendment immunity for claims for monetary damages.  *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

public entity, or be subjected to discrimination by any such entity." 42

U.S.C. § 12132.  The protections of the ADA extend to inmates housed in

state prisons.  42 U.S.C. § 12131; *Pennsylvania Dept. of Corr. v.*

*Yeskey,* 524 U.S. 206 (1998).  To make a *prima facie* case of intentional

discrimination under Title II, Larson must show that "(1) [he] has a

disability; (2) [he] is otherwise qualified; and (3) [he] was being excluded

from participation in, denied the benefits of, or subjected to discrimination

under the program because of [his] disability."  *Anderson v. City of Blue*

*Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

   MDOC argues that Larson's allegation of failure to properly treat his

medical conditions is not cognizable under Title II of the ADA. The Court

agrees.  A prisoner cannot rely solely on incompetent treatment for medical

problems to prevail under the ADA.  *Wilbon v. Michigan Dept. of*

*Corrections*, 2015 WL 1004707, at *10 (E.D. Mich. Mar. 6, 2015) (citing

*Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996)); *Cannon v. Eleby,* 187

F.3d 634 (6th Cir. 1999) (mere allegations of inadequate medical care do

not raise a viable discrimination claim); *Winburn v. Davis*, 2009 WL

3004555, at *5 (E.D. Mich., Sept. 16, 2009).

   Other than medical care, Larson does not identify any benefits,

services, programs or activities he was denied, or from which he was

4

excluded.[3] [ECF No. 1, ¶24]. And although he repeatedly complains of inadequate medical care, Larson does not allege deliberate indifference to a serious medical need under the Eighth Amendment. The Court cannot infer a claim under the Eighth Amendment on Larson's behalf. "Although pro se pleadings must be liberally construed, they must also satisfy basic pleading requirements. '[L]iberal construction does not require a court to conjure allegations on a litigant's behalf.'" *Wilbon*, 2015 WL 1004707, at *10 (quoting *Wright v. J & S Extradition Servs., LLC*, 2012 WL 1078981, at *6 (M.D.Tenn. Mar. 30, 2012)).

Despite not including an Eighth Amendment claim in complaint, Larson alludes to one in his response to MDOC's motion. [ECF No. 13]. Yet, his response does not satisfy the legal or factual requirements for a claim of deliberate indifference to a serious medical need. [ECF No. 13]. To state a claim for violation of the Eighth Amendment arising from conditions of confinement, a prisoner must satisfy (1) an objective prong with evidence that "the failure to protect from risk of harm [was] objectively sufficiently serious," and (2) a subjective prong with evidence that "the official acted with deliberate indifference to inmate health or safety." *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (internal citations and quotation

---

[3] MDOC supplied evidence of Larson's weekly call-outs from his cell to the weight room. [ECF No. 10-1]

marks omitted).  "Only deprivations denying 'the minimal civilized measure of life's necessities' are grave enough to create a violation of the Cruel and Unusual Punishment Clause."  *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

Although Larson identifies several serious underlying conditions from which he suffers, he does not identify any necessary treatment as being withheld.  In fact, Larson's pleadings include MRI reports from 2016 to 2018, all of which reflect no acute intracranial pathology and demonstrate the MDOC's continued monitoring of his ailments. [ECF No. 13; ECF No. 1].  And even if Larson had properly set forth a claim for deliberate indifference, it would likely fail to reach the level of a constitutional violation; mere disagreement with particular medical decisions does not alone constitute deliberate indifference.  *Mayfield v. Miles,* 2015 WL 736421 at *3, (E.D. Mich., Feb. 20, 2015) (citing *Comstock v. McCray,* 273 F.3d 693, 703 (6th Cir. 2002)).  Thus, Larson's claims against the MDOC should be dismissed.

## C.

MDOC does not address Larson's retaliation claim under the ADA. [See ECF No. 1, ¶33]. But as a prisoner proceeding *in forma pauperis*, Larson is subject to the strictures of the Prison Litigation Reform Act (PLRA). Under the PLRA, the Court must dismiss *sua sponte* all or part of a complaint when the claims lack merit, or when the plaintiff seeks monetary damages from defendants who are immune from that relief. 28 U.S.C. § 1915(e)(2)(B).  Again, pleadings filed by *pro se* litigants are entitled to a more liberal reading than that given to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief.  *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007); *Davis v. Prison Health Services*, 679 F.3d 433, 437-38 (6th Cir. 2012).

To allege a *prima facie* case for retaliation under the ADA, Larson must establish that: (1) he engaged in activity protected under the ADA; (2) that MDOC knew of this protected activity; (3) MDOC then took adverse action against Larson; and (4) there was a causal connection between the protected activity and the adverse action. See *A.C. ex rel. J.C. v. Shelby County Bd. of Educ.*, 711 F.3d 687, 697 (6th Cir. 2013). Larson's claim of retaliation does not adequately allege facts to satisfy the third *prima facie* element—whether MDOC personnel took "adverse action" against Larson.

"To be adverse, a retaliatory action must be enough to dissuade a reasonable person from engaging in the protected activity; 'petty slights or minor annoyances' cannot qualify." *Id.* at 698 (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)); *see also, Wenk v. O'Reilly*, 783 F.3d 585, 595 (6th Cir. 2015) (definition of adverse action is essentially the same for both First Amendment and ADA retaliation claims). Retaliation claims based on actions that are inconsequential or *de minimis* injuries are properly dismissed as a matter of law. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 584 (6th Cir. 2012). Allegations of emotional distress, harassment, personal humiliation, and embarrassment are too generalized to withstand judgment on the pleadings. *Id.*

Larson alleges MDOC personnel "laughed at, ridiculed, harassed, humiliated, degraded, disrespected…intentionally lied to, spun" and withheld useful information from him. [ECF No. 1, ¶33].  Larson alleges no specific injury stemming from this conduct.  These generalized adverse actions alleged against MDOC personnel are inconsequential and are not enough to dissuade a reasonable person from filing grievances; indeed, they are just the type of petty slights and minor annoyances courts have found insufficient to amount to adverse actions.  *See A.C. ex rel. J.C.*, 711

8

F.3d at 697.  Larson has failed to state a claim for retaliation under Article V of the ADA.

## III.   CONCLUSION

MDOC's motion [ECF No. 10] should be **GRANTED** and Larson's complaint should be **DISMISSED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: February 4, 2019

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 4, 2019.

s/Karri Sandusky on behalf of
MARLENA WILLIAMS
Case Manager
